IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BOBBY LEE JACKSON, a/k/a<br>DESEAN WILLIAMS,<br><br>Plaintiff,<br><br>VS.<br><br>HERMAN JOHNSON, et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br>CASE NO. 4:04-CV-110-2<br>42 U.S.C. § 1983 |

**RECOMMENDATION OF DISMISSAL**

Plaintiff Williams filed the above styled §1983 Complaint and a Request for *In Forma Pauperis* (*IFP*) status on August 16, 2004, said *IFP* status being granted on August 26, 2004. On October 18, 2004, Plaintiff Williams filed a Motion for Leave to file a Supplemental Complaint. On October 27, 2004, this Court filed an Order granting said Motion. On October 28, 2004, Plaintiff Williams filed his Supplemental Complaint adding fifteen new defendants: Deputy Warden Danny Bennett; Officer Laura Fletcher; Mrs. Jacqueline Cooper; Lieutenant James Spell; Sergeant Carol Coats; Captain Tommy Crews; Officer Josh Spivey; Mr. Richard Maynor; Officer Derrick Bellisle; Warden Calvin D. Morton; Officer James Overton; Mr. G. Raulerson; Deputy Warden Milton Smith; Ms. Melissa Barrentine (M. Bauentil); and Cornell Corrections Corporation (collectively entitled the "Cornell Defendants"). On December 9, 2004, Plaintiff Williams filed a Motion to Withdraw his Amended Complaint and said Motion was granted on December 20, 2004. On

December 22, 2004, the Cornell Defendants, filed a Motion to Dismiss with a supplemental brief attached[1]. Although Plaintiff Williams was notified of the Motion to Dismiss, he failed to respond. (R-88).

## LEGAL STANDARDS FOR MOTION TO DISMISS

For a motion to dismiss to be granted, plaintiff's complaint, which must factually be accepted as true, must evidence that there is no set of facts entitling him to relief. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir. 1991); *see also Luckey v. Harris*, 860 F.2d 1012, 1016-17 (11th Cir. 1988) and *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). In such a situation, Rule 12(b)(6) of the *Federal Rules of Civil Procedure* authorizes a court to dismiss a complaint on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). If, as a matter of law, it is clear that no relief could be granted under any facts that could be proved consistent with the allegations, a claim must be dismissed, regardless of whether it is based on an outlandish legal theory or on a close but unavailing one. *Id*.

## DISCUSSION

All fifteen of the defendants listed in Plaintiff Williams' Supplemental Complaint were new parties to this action[2]. (R-39). Plaintiff Williams' filed his "Motion to Withdraw Motion for Preliminary Injunction and to Dismiss Supplemental Complaint on

---

[1] In the Motion to Dismiss, Defendants only listed twelve of the fifteen defendants added with the filing of the Supplemental Complaint; Defendants Raulerson, Bauentil/Barrentine, and Cornell Corrections Corporation were not included in the filing.

[2] These defendants were not listed in Plaintiff's original complaint. (R-2).

December 9, 2004.  (R-80).  Said Motion to Withdraw was granted by this Court on December 20, 2004.  (R-86).  Once the Supplemental Complaint was withdrawn, Plaintiff Williams no longer had any remaining claims against the fifteen Cornell Defendants.

It is clear from the record that the Valdosta State Prison nurse Plaintiff listed as M. Bauentil in the Supplemental Complaint, is actually Melissa Barrentine.  (R-79).  On December 23, 2004, Plaintiff filed a Motion to Amend the Complaint and add Melissa Barrentine as a defendant.  (R-90).  On January 3, 2005, this Court denied that motion, finding that Plaintiff Williams did not allege a claim of constitutional dimensions as he failed to state a liberty or property interest that was in any way denied by Barrentine.  (R-95).  The Court further found that Plaintiff Williams failed to allege a proper claim for damages against Barrentine because he made no allegation of injury against her nor did Plaintiff claim that he was injured and in need of medical attention[3].  *Id*.

Even if all facts alleged in Plaintiff's original complaint are assumed to be true, there are no facts entitling him to relief against these defendants.  Plaintiff withdrew his Supplemental Complaint and the Court denied his request to amend his original complaint to add Melissa Barrentine, therefore, there are no remaining claims against the Cornell Defendants.

---

[3] Plaintiff sought declaratory and injunctive relief as well as monetary damages.  Under 42 U.S.C. §1997(e), a prisoner who wishes to file a federal civil action, must first show a physical injury before he makes a claim for mental or emotional injury suffered while in custody.   Case law has found the requirement in §1997(e) also applies to claims of a constitutional nature.  *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000).  In addition, the Eleventh Circuit held that the requisite physical injury must be more than *de minimus*.  *Harris v. Garner*, 190 F.3d 1279, 1286 modified on other grounds 216 F.3d 970 (11th Cir. 2000).

ACCORDINGLY, IT IS THE RECOMMENDATION of the United States Magistrate Judge that the Motion to Dismiss, as to Melissa Barrentine/Bauentil, Officer Derrick Bellisle, Deputy Warden Danny Bennett, Sergeant Carol Coats, Jacqueline Cooper, Captain Tammy Crews, Officer Laura Fletcher, Richard Maynor, Warden Calvin D. Morton, Officer James Overton, G. Raulerson, Deputy Warden Milton Smith, Lieutenant James Spell and Officer Josh Spivey, be granted.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO ORDERED AND RECOMMENDED, this 8th day of April, 2005.

_____
S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc